IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-22-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEVON QUINTEL OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

On February 6, 2013, pursuant to a plea agreement [D.E. 37], Gevon Quintel Owens

("Owens") pleaded guilty to conspiracy to possess with the intent to distribute 280 grams or more

of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

See [D.E. 36]; [D.E. 37] 4–5. On November 1, 2013, the court held Owens's sentencing hearing.

See [D.E. 61]. At the hearing, the court adopted the facts contained in the Presentence Investigation

Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Owens's total offense

level to be 31, his criminal history category to be IV, and his advisory guideline range to be 151–188

months. See [D.E. 61]. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's

motion for a downward departure. See id.; [D.E. 59]. After thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Owens to 66 months' imprisonment. See

[D.E. 61]. Owens did not appeal.

On June 24, 2015, Owens filed a motion for a sentence reduction under 18 U.S.C. §

3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 65].

Owens's new advisory guideline range is 121 to 151 months' imprisonment based on a total offense

level of 29 and a criminal history category of IV. See Resentencing Report. Owens requests a 53-

month sentence. See id.

The court has discretion to reduce Owens's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Owens's sentence, the court finds that Owens engaged in a serious and prolonged conspiracy to possess with the intent to distribute 280 grams or more of cocaine base and a quantity of cocaine. See PSR ¶¶ 11–14. Furthermore, Owens has a criminal history that includes convictions for larceny, breaking and entering, possession of stolen property, resisting a public officer, possession of controlled substances, carrying a concealed gun, and assault. See id. ¶¶ 19–38. Moreover, while incarcerated on his federal sentence, Owens has been sanctioned for being absent from an assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Owens also has engaged in some positive behavior while incarcerated. See Resentencing Report.

Having reviewed the entire record and all relevant policy statements, the court finds that Owens received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Owens's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Owens's serious criminal conduct and serious criminal history do not support reducing Owens's sentence. Thus, the court denies Owens's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Owens's motion for reduction of sentence [D.E. 65] is DENIED.

SO ORDERED.  This 24 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge